*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ROBERT LEE COLVIN, JR.

ROBERT LEE COLVIN, JR.,

Petitioner-Appellant,

v

PEOPLE OF MICHIGAN,

Respondent-Appellee

UNPUBLISHED
May 14, 2019

No. 341690
Kent Circuit Court
LC No. 17-009867-CZ

Before: GLEICHER, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

PER CURIAM.

Robert Lee Colvin seeks the restoration of his rights to possess a firearm and ammunition under MCL 28.424. This statute permits an individual who has lost those rights due to a felony conviction, as Colvin did, to petition the circuit court for their reinstatement.

To qualify for restoration, a petitioner must present "clear and convincing evidence" of several prerequisite conditions, including that he or she "has successfully completed all conditions of probation or parole imposed for the violation resulting in the prohibition." MCL 28.424(4)(*iii*). The circuit court denied Colvin's petition, finding that a probation violation committed in 1992 meant that as a matter of law, Colvin had not "successfully completed" his probation.

Colvin contends that he was reincarcerated for this probation violation and later discharged from both probation and parole. According to Colvin, this means that ultimately, he "successfully completed all conditions of probation or parole imposed for the violation resulting in the prohibition." We take no position with regard to this argument, as the evidence demonstrates that Colvin has not satisfied the restitution component of his parole.

The circuit court record is scanty. It includes only Colvin's petition, signed by his attorney, as evidence of his successful completion of his parole and probation conditions. The

-1-

circuit court may have viewed other evidence at the hearing, but that evidence was not filed in the circuit court. Colvin sought leave to appeal the circuit court's decision in this Court, and we granted the application. *In re Colvin*, unpublished order of the Court of Appeals, entered June 4, 2018 (Docket No. 341690). With his brief on appeal, Colvin filed approximately 80 pages of documents that he had not provided to the circuit court. Most are entirely irrelevant. Two, however, reflect that Colvin cannot prevail, at least on the record that he has created so far.

As a general rule, our "review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). In this case, however, the appellant himself provided the outside-the-record documents that damage his own cause. We cannot fulfill our judicial duty while ignoring that information, especially because it directly contradicts the averments in Colvin's petition. Among the records filed by Colvin in this Court (but not the circuit court) are a 1996 letter from the parole board reporting that Colvin had been discharged from parole without having paid his court-ordered restitution and a 2008 "order of restitution" compelling Colvin to pay $7,842.00 to Miedema Cement Contractors, the victim of Colvin's 1992 larceny conviction. Colvin has submitted no evidence that he satisfied this order by paying the restitution.

On the record he has provided to us for review, Colvin's allegation in an unsworn petition that he "has successfully completed all conditions of probation or parole imposed for the violation resulting in the prohibition" does not withstand scrutiny. And it bears emphasis that the statute requires "clear and convincing evidence" of eligibility before a circuit court may restore a felon's right to possess a firearm. MCL 28.424(4).

Perhaps Colvin *has* paid the restitution, but failed to submit evidence to that effect either in this Court or the circuit court. If he has not yet paid, perhaps he will do so now. Although we are intrigued by the question of whether Colvin's probation violation, standing alone, means that he can never regain his right to possess a firearm, any opinion in that regard would be purely advisory. The evidence before us mandates denial of the petition.

Accordingly, we affirm the circuit court on alternate grounds, without prejudice to Colvin to refile his petition with supporting evidence of his compliance with the restitution order.[1]

/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause
/s/ Colleen A. O'Brien

---

[1] The circuit court's December 4, 2017 order was a final order from which Colvin could have claimed an appeal. MCR 7.202(A)(1). An application for leave to appeal in this Court was unnecessary. If Colvin refiles his petition and is again unsuccessful, he may directly appeal as of right.